UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAMARK EDUCATIONAL
SERVICES, LLC.,

    Plaintiff,                                                                          Case No. 12-12060

v.                                                                                    Hon. Lawrence P. Zatkoff

TIMOTHY M. GLADIEUX, and
V/GLADIEUX ENTERPRISES, INC.,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 25, 2013, 2013.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss for improper venue [dkt 3]. The parties have fully briefed the Motion. The Court finds that the facts and legal arguments pertinent to Defendant's Motion are adequately presented in the parties' papers such that the decision process will not be aided by oral argument. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that Defendant's Motion be resolved on the briefs submitted, without this Court entertaining oral argument. For the reasons that follow, Defendant's Motion is DENIED.

**II. BACKGROUND**

As Defendants' motion contains sparse factual claims, that Court shall adopt the factual background set forth in Plaintiff's counsel's affidavit and Plaintiff's response brief, to which Defendant did not reply.

On or about May 7, 2012, Plaintiff Aramark Educational Services, LLC filed a three-count complaint in this Court, alleging two counts of breach of contract, and one count of fraud relating to a written contract for vending services at the University of Toledo, in Toledo, Ohio. The contract was between Plaintiff, a Delaware corporation, and Defendant V/Gladieux Enterprises, Inc. ("VG") an Ohio corporation that was at some time located at 3400 Executive Parkway, Toledo, Ohio ("Ohio Property") The contract was signed and executed in Toledo, Ohio. Additionally, Plaintiff names Timothy M. Gladieux ("Gladieux"), a non-party to the contract, as a defendant. Gladieux resides at 12260 Lakeshore Drive, La Salle, MI 48145 (the "Michigan Property"). Plaintiff brought the case under 28 U.S.C. § 1332, as a diversity action.

On February 7, 2012, in connection with Plaintiff's claims against Defendants, Plaintiff attempted to serve a demand letter on V/G at the Ohio Property via federal express. On or about February 9, 2012, Plaintiff was advised by Federal Express that it could not deliver the demand letter because the Ohio Property was vacant.

Plaintiff's counsel asserts, via affidavit: that she had a phone conversation with Gladieux regarding the Complaint, during which she requested that he accept service on behalf of himself and V/G; that Gladieux agreed to this; that Gladieux advised that the Ohio Property was no longer a valid address for V/G and that the Waiver of Service forms should be sent to the Michigan Property; that the forms were subsequently delivered to the Michigan Property; that Gladieux repeatedly directed her to make all calls and send all letters relating to V/G to the Michigan Property; and that to the best of her knowledge, V/G left the Ohio Property and moved its principle place of business to Gladieux's home at the Michigan Property.

Defendants filed the instant motion seeking to dismiss this case, alleging improper venue.

### III. LEGAL STANDARD

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

### IV. ANALYSIS

Defendants argues that venue is improper under 28 U.S.C. § 1391(a)(1)–(3) because: (1) Defendants reside in different states; (2) a substantial part of the events giving rise to this claim did not occur in this District; and (3) the action may have otherwise been brought in the Northern District of Ohio. The Court disagrees, and finds that venue is proper based on 28 U.S.C. § 1391(a)(1).

Plaintiff is a Delaware corporation with a principle place of business in Philadelphia. Gladieux is an individual residing in Michigan. V/G is an Ohio Corporation, the principle place of business of which is in dispute. Plaintiff asserts that V/G's principle place of business is in Gladieux's home in LaSalle, Michigan; Defendant denies this and provides a document from Ohio's Secretary of State purporting to show that V/G is in fact an Ohio corporation. In response, Plaintiff's counsel submitted an affidavit stating, among other things: that she had phone conversation with Gladieux regarding the Complaint, during which she requested that he accept service on behalf of himself and V/G; that Gladieux agreed to this; that Gladieux advised that the Ohio Property was no longer a valid address for V/G and that the Waiver of Service forms should be sent to the Michigan Property; that Gladieux repeatedly directed her to make all calls and send all letters relating to V/G to the Michigan Property; and that to the best of her knowledge, V/G/ left the Ohio Property and moved its principle place of business to Gladieux's home at the Michigan Property.

The party moving to dismiss an action under Federal Rule of Civil Procedure 12(b)(3) bears the burden of proving that venue is improper. *See Kelly Servs. v. Eidenes*, 530 F. Supp. 2d 940, 948 (E.D. Mich. 2008). Defendants have failed to satisfy this burden. Defendants offer only bare assertions and a printout from the website of Ohio's Secretary of State, to show that V/G "resides" in Ohio for purposes of venue. The Court notes, however, that merely registering as an Ohio Corporation does not necessarily mean that V/G has

3

its principle place of business in Ohio, or that V/G does not maintain its principle place of business in Michigan. In fact, Defendants' Motion is notably silent on the issue of V/G's principle place of business and Defendants fail to dispute that the Michigan Property is V/G's principal place of business or offer any evidence that V/G continues to conduct its business in Ohio. In fact, V/G's registered address with the State of Ohio is currently vacant and Defendants do not even attempt to identity an address—if not the Michigan Property—for V/G's purported principle place of business.

As such, Plaintiff has set forth a prima facie basis for the Court to conclude that both Defendants reside in Michigan for purposes of venue, and Defendants have failed to prove otherwise. Because venue is proper in a judicial district where any defendant resides, if all defendants reside in the same state, 28 U.S.C. § 1391(a)(1), the Court finds it is a proper venue for this case.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion to Dismiss for improper venue [dkt 3] is DENIED.

IT IS SO ORDERED.

Date: January 25, 2013

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

4