UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARAMARK EDUCATIONAL
SERVICES, LLC.,

    Plaintiff,                                            Case No. 12-12060

v.                                                          Hon. Lawrence P. Zatkoff

TIMOTHY M. GLADIEUX, and
V/GLADIEUX ENTERPRISES, INC.,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 5, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendants' Motion to set aside Clerk's entry of default [dkt 20]. Plaintiff has filed a response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' motion is GRANTED.

## II. BACKGROUND

On or about May 7, 2012, Plaintiff Aramark Educational Services, LLC filed a three-count complaint in this Court, alleging two counts of breach of contract, and one count of fraud relating to a written contract for vending services ("Contract") at the University of Toledo, in Toledo, Ohio. The contract was between Plaintiff, a Delaware corporation, and Defendant V/Gladieux Enterprises, Inc.

("VG") an Ohio corporation that was at some time located at 3400 Executive Parkway, Toledo, Ohio. Additionally, Plaintiff names Timothy M. Gladieux ("Gladieux"), a non-party to the contract, as a defendant. Gladieux is a resident of Michigan. Plaintiff brought the case under 28 U.S.C. § 1332, as a diversity action.

Plaintiff states that, pursuant to the Contract, VG was required to purchase, pay for, provide and maintain all equipment necessary for performance of the Contract and to contribute $280,000.00 in equipment (the "Equipment") to the University of Toledo. According to Plaintiff, VG installed the Equipment at the University's facilities, and Gladieux represented to Plaintiff that the Equipment contributed to the University was owned by VG free and clear of any liens. Unbeknownst to Plaintiff, rather than purchasing the Equipment and contributing it to the University, VG leased or financed the Equipment from Huntington National Bank ("HNB"). Plaintiff states that when VG defaulted under its agreement with HNB, Plaintiff was forced to purchase the Equipment from HNB and suffered damages in the amount of at least $114,000.00 (the purchase price for the Equipment).

On June 5, 2012, Defendants filed a Motion to Dismiss [dkt 3] claiming improper venue. On January 25, 2013, the Court entered an Order denying the Motion to Dismiss is its entirety [dkt 9]. Pursuant to Fed. R. Civ. P. 12, Defendants were required to file responsive pleadings to Plaintiff's Complaint on or before February 8, 2013. Defendants failed to file any responsive pleading to Plaintiff's Complaint after the denial of the Motion to Dismiss. On February 13, 2013, Plaintiff filed Requests for Clerk's Entry of Default as to Defendants and Requests for Clerk's Entry of Default Judgment as to Defendants. On February 13, 2013, the Clerk filed Entry of Default against Defendants due to their failure to file a responsive pleading to Plaintiff's Complaint. On February 17, 2013, Defendants filed the instant Motion seeking to set aside the Clerk's Entry of Default.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(c), the Court may set aside the Entry of Default for "good cause." In evaluating whether good cause exists in a given case, courts consider whether: (1) the default was willful; (2) a set-aside would prejudice the plaintiff; and (3) the alleged defense is meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). The Court "enjoys considerable latitude under the 'good cause shown' standard" to grant a defendant relief from a default entry. *See Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)

## IV. ANALYSIS

### A. Willfullness

Defendants briefing is not clear as to why Defendants failed to file a responsive pleading. Defendants seem to cite "simple carelessness," and state that, "[a]t most [Defendants'] failure to answer is neglectful, not intentional." The Court notes that Defendants' answer was not egregiously late, as it was filed only 11 days after the deadline. Moreover, before filing their responsive pleading, Defendants filed the instant Motion, four days after Plaintiff requested entry of default. As such, the Court finds that Defendants' untimely responsive pleading was the result of counsel's oversight, not willfulness or otherwise culpable conduct.

### B. Prejudice to Plaintiff

Defendants assert that Plaintiff will not be prejudiced by setting aside the default because it was "merely procedural" and Defendants' failure to answer was unintentional. Moreover, the parties were engaged in settlement negotiations during the relevant time period. Defendants further state that were the Court to set aside the default Plaintiff would, at most, be required to litigate the case on the merits, which does not constitute prejudice. *See Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).

Plaintiff does not appear to have addressed this factor, and therefore, the Court agrees with Defendants and finds that no prejudice to Plaintiff would result should the Court set aside the Clerk's Entry of Default.

**C. Meritorious Defense**

Defendants' defense in this case appears to be that VG was not required to contribute $280,000 in equipment because the Agreement states that "[VG] represents that it will make a separate financial *commitment* to [Plaintiff] in the amount of $280,000." According to Defendants, a "commitment" meant that they were not required to affirmatively take any action, only to "commit" to take action at some point. Thus, according to Defendants, all VG was required to do was "promise" Plaintiff that VG contribute $280,000 in equipment.

Defendants also set forth a defense to Plaintiff's attempt to pierce the corporate veil and hold Gladieux liable for the acts of VG:

> plaintiff wants to pierce the corporate veil in a pathetic attempt to seek a judgment from defendant Timothy Gladieux. While plaintiff makes unsubstantiated allegations that the distinct identity of V/Gladieux's status, they fail to provide one single allegation showing any reason for such a ludicrous request. In fact their own contract with they seem to like to mis-quote states that "Subcontractor (V/Gladieux) is a recognized and experienced provider of the Services." Exactly how did this recognized and experienced corporation, which had been doing this for years suddenly fall from its own personality?

(errors in original). Defendants' "meritorious" argument as to Count III is that:

> Plaintiff again makes allegations with nothing to back it up. Clearly the alleged contract is controlling in this matter, and it is without mention of a requirement of owning the equipment outright, or a transfer to the University free and clear of liens. The argument is entirely absurd, and without merit. What if the equipment had a value much higher, and encompassed the $280,000 Section 7(D) of the alleged contract. Clearly and unquestionably, a meritorious defense exists in this matter.

(errors in original). Thus, Defendants appear to argue that Plaintiff has not provided evidence to support the allegations in the Complaint. The Court notes, however, that Plaintiff is not required to support the allegations in the Complaint with evidence. Rather, Plaintiff need only set forth a short and plain

4

statement that it is entitled to relief; and factual allegations sufficient "to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); Fed. R. Civ. P. 8.

Nevertheless, although Defendants' brief is rife with errors and hardly coherent in places, the Court will—at this stage of the proceedings—liberally construe Defendants' argument that under the terms of the Contract, they were only required to "commit" to providing the Equipment.  Despite the deficiencies, the Court finds that Defendants were otherwise responsive in this case by timely filing their Motion to Dismiss and by engaging, to some extent, in settlement discussions with Plaintiff.  The interests of justice weigh in favor of allowing Defendants to defend against Plaintiff's claims.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Defendants' Motion to set aside Clerk's entry of default [dkt 20] is GRANTED.

IT IS SO ORDERED.

Date:  March 5, 2013

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE